```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Teamsters Local 814 Welfare Fund, Teamsters
Local 814 Pension Fund, Teamsters Local 814
Annuity Fund, and Dennis Farrell, Stephen
McInerney, George Daniello and James O'Mara,
as Trustees,                                   CV-07-2005
                                               (CPS)
                    Petitioners,

     - against -                               MEMORANDUM
                                               OPINION AND
Dahill Moving & Storage Co., Inc.,             ORDER

                    Respondent.
----------------------------------------X
```

SIFTON, Senior Judge.

Petitioners Teamsters Local 814 Welfare Fund, Teamsters Local 814 Pension Fund, Teamsters Local 814 Annuity Fund (the "Funds"),[1] and Dennis Farrell, Stephen McInerney, George Daniello and James O'Mara as Trustees initiated this action against Respondent Dahill Moving and Storage Co. on May 16, 2007 pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"),[2] and the Federal Arbitration Act, 9 U.S.C. § 1 et.

---

[1] These Funds are employee benefit plans and provide fringe benefits to eligible employees. *See* 29 U.S.C. § 1002. Petitioners currently have pending before this Court a separate action against Dahill to recover unpaid contributions to the Funds (the "Contribution Action"). A preliminary injunction was issued in that action on May 30, 2007, ordering John DiBaptista and Michael DiBaptista, principal officers of Dahill, to place their respective shares of the proceeds from the anticipated sale of Dahill's warehouse in escrow pending the outcome of that litigation.

[2] In relevant part, the statute reads:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the

-2-

seq. ("FAA"),[3] to confirm an arbitration award in the amount of $242,947.76, plus interest and damages, and "reasonable attorneys' fees and audit fees." Now before this Court is (1) (1) petitioners' motion to confirm the award[4] and (2) petitioners' motion for a preliminary injunction, requiring respondent to post a bond to secure the arbitration award or to escrow a sufficient amount of the proceeds of a pending sale of its warehouse to secure award. For the reasons stated below, the motion to confirm the arbitration award is granted and the motion for preliminary injunction is denied.

**Background**

The following facts are taken from plaintiffs' petition and the submissions of the parties in connection with this motion. Disputes are noted.

Respondent Dahill, a moving and storage company, is a party

---

parties.

29 U.S.C. § 185(a).

[3] Under the FAA, parties to an arbitration agreement may make an application to a federal district court for an order confirming an arbitration award. *See* 9 U.S.C. § 9. In the present case, the FAA is not applicable since in cases brought pursuant to Section 301 of the LMRA, the FAA does not apply. *See Coca-Cola Bottling Co. of New York, Inc. v. Soft Drink and Brewery Workers Union Local 812 Intern. Broth. of Teamsters*, 242 F.3d 52 (2d Cir. 2001). However, "federal courts have often looked to the Act for guidance in labor arbitration cases." *United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 41 n.9 (1987).

[4] Respondent has filed no papers in opposition to the motion to confirm the arbitration award.

-3-

to a collective bargaining and related agreements (the "CBA") dealing with Dahill's employment of members of Local 814, International Brotherhood of Teamsters (the "Union").  Pursuant to the CBA, Dahill is obligated to make contributions to the Funds on behalf of certain of its employees.  Under a clause in the CBA referred to as the "50/50 Rule," Dahill is permitted to employ a number of "Casual Employees" equal to (but not greater than) the number of "Industry Employees" employed on a given work day.[5]  Casual Employees are paid a lower hourly rate than Industry Employees and Dahill is required to make fewer benefit contributions to the Funds for Casual Employees.

In September 2004, the Funds informed Dahill that they would be performing an audit to ensure that Dahill was complying with the 50/50 Rule and that it was not employing more Casual Employees than Industry Employees.  The Funds further informed Dahill that, if Dahill had violated the 50/50 Rule, Dahill would be liable for any benefit contributions it should have made for Industry Employees, plus an amount equal to the difference in hourly wages between Casual Employees and Industry Employees for the number of Industry Employees Dahill should have employed.  The subsequent audit revealed that Dahill had in fact violated the 50/50 Rule during the period of December 20, 2002 to March

---

[5] Casual Employees are those workers who have been paid for less than 800 hours work in a calender year, while Industry Employees are those workers have been paid for 800 or more hours.

-4-

28, 2004 by hiring 1,033 more Casual Employees than contractually permitted and that Dahill therefore owed the Funds $242,947.76 as a result; of that amount, $85,324.24 was for unpaid benefits contributions and the remaining $157,623.52 was for the difference in wages (the "wage assessment").

When Dahill failed to pay the audit amount due, the Funds demanded the amount due and, when Dahill failed to make payment, demanded arbitration for the amount due, plus any other monies (such as liquidated damages, interest, and attorneys fees) entitled to be paid under the CBA.[6]

Arbitration hearings were held on November 13, 2006 and March 6, 2007 before a mutually agreed upon arbitrator.  Both parties were given an opportunity to call witnesses, present oral argument and provide evidence to support their case.  Both parties also submitted post-hearing briefs.  On May 9, 2007, the arbitrator found that Dahill had violated the 50/50 Rule, that the amount due had been computed correctly, that the Funds were entitled to collect the entire amount of $242,947.76 as damages, and that Dahill was not entitled to any offset of that amount.[7]  Accordingly, the arbitrator awarded the Funds $242,947.76 plus

---

[6] The CBA provides that "any and all complaints, disputes, or grievances of any kind whatsoever arising between the Union and the Employer" shall be resolved through binding arbitration.

[7] Dahill argued that, with offsets, the liability was no more than $59,844.61.  The arbitrator found that the Funds had properly adopted rules prohibiting the claimed offsets.

-5-

interest and liquidated damages, as well as "reasonable attorneys' fees and costs, including the cost of the audit."[8] Dahill has not paid any portion of that award which petitioners now seek to enforce.

**Discussion**

*I. Confirmation of the Arbitration Award*

There exists a "federal policy in favor of enforcing arbitration awards" that is "particularly strong with respect to arbitration of labor disputes." *New York Hotel & Motel Trades Council, AFL-CIO v. Hotel St. George*, 988 F.Supp. 770, 774 (S.D.N.Y. 1997). In a case such as the present one, the arbitrator's decision should be upheld so long as it "draws its essence from the collective bargaining agreement." *Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987); see also Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 28 (2d Cir.2000)

---

[8] Interest and liquidated damages were awarded only on the portion of damages which were based on unpaid contributions, not on the wage assessment. The CBA provides that the Funds be paid interest on unpaid benefit contributions at the rate of 18% per year and liquidated damages on unpaid contributions of 20% per year. Nothing in the papers filed with this motion indicates the amount of attorneys' fees or audit fees sought.

-6-

(arbitration awards are reviewed for "manifest disregard of the law.").

In the present case, the arbitrator determined that the contract requires Dahill to comply with the 50/50 Rule; Dahill was on notice as to the consequences of failing to comply with the rule; the Funds' audit was calculated correctly; the policy adopted by the Funds prohibits factoring in Dahill's claimed offsets; and that the application of the wage assessment is a legitimate assessment of damages, rather than a prohibited *ex post facto* penalty. The arbitrator's decision was made based on the text of the contracts between the Union and Dahill, the testimony and evidence introduced at the hearings, the post-hearing briefs, and arbitral precedent and Dahill does not question the validity of the arbitrator's decision. Since it is clear that the arbitrator was applying the contract in arriving at his decision and since Dahill does not point to any error in that decision, and certainly no "manifest disregard for the law" by the arbitrator, the arbitration award is valid and must be confirmed.

*II. Preliminary Injunction*

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch,* 451

-7-

U.S. 390, 394-395 (1981). In order to prevail on a motion for a preliminary injunction, plaintiffs must satisfy two requirements. First, they must show that absent a preliminary injunction they are likely to suffer an irreparable injury. Second they must show that either (a) they are likely to succeed on the merits of their case, or (b) they have raised questions going to the merits that are sufficiently serious to render them fair grounds for litigation, and that a balancing of the hardships tips decidedly towards the movant. *Bery v. City of New York*, 97 F.3d 689, 694 (2d Cir. 1996).

"Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction . . . . Accordingly, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.* To satisfy the irreparable injury requirement, plaintiffs must demonstrate that absent a preliminary injunction they will suffer "an injury that is neither remote nor speculative, but actual and imminent," and one that cannot be remedied "if a court waits until the end of trial to resolve the harm." *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005) (citing *Rodriguez by Rodriguez v. DeBuono*, 175 F.3d 227, 234-35 (2d Cir. 1998). Monetary injury generally does not generally constitute 'irreparable harm', although "an exception to this general rule has been recognized

-8-

where the defendant is insolvent or insolvency is threatened." *Federated Strategic Income Fund v. Mechala Group Jamaica Ltd.*, 1999 WL 993648, at *8 (S.D.N.Y. 1999).

According to petitioners, preliminary injunctive relief is necessary since Dahill's warehouse, located at 5620 First Avenue, Brooklyn, New York, is the only asset from which Dahill can satisfy its debt to petitioners and the sale of that warehouse is currently pending, to be completed on or around May 31, 2007. However, according to respondent, Dahill is an ongoing, solvent concern and petitioners have produced no evidence to the contrary. Further, as petitioners themselves have conceded in the related Contribution Action, the warehouse referred to is not owned by Dahill itself but rather by a separate holding company, Dibattista Realty Associates, of which two of Dahill's principal officers, John DiBattista and Michael DiBattista, each own 12.5%.[9] Accordingly, the pending sale of that warehouse will not change Dahill's financial condition, nor does it provide evidence that Dahill is on the verge of insolvency. Accordingly, the motion for preliminary injunction is denied.

---

[9] While a preliminary injunction was issued in the Contribution Action as to the proceeds of the sale of the warehouse, the present action is different since, in the earlier action, John DiBattista and Michael DiBattista informed both the Funds and this Court that they planned to use the proceeds from the sale of the warehouse to pay the benefit amounts due. No such assurance has been made with regards to the arbitration award.

-9-

**Conclusion**

For the reasons set forth above, the motion for preliminary injunction is denied and the motion to confirm the arbitration award is granted. Petitioner is directed to settle judgment on notice reflecting these determinations together with any application for attorneys' fees and audit fees, supported by contemporaneous time records and other information necessary to determine their reasonableness. The Clerk is directed to transmit a copy of the within to all parties.


SO ORDERED.

Dated :   Brooklyn, New York
          May 30, 2007

                    By: /s/ Charles P. Sifton (electronically signed)
                                  United States District Judge